2018 IL App (3d) 170357

Opinion filed February 15, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| | | |
|---|---|---|
| *In re* S.H. and N.W., | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Minors, | ) | Peoria County, Illinois, |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal Nos. 3-17-0357 and 3-17-0358 |
| | ) | Circuit Nos. 17-JA-3 and 17-JA-4 |
| v. | ) | |
| | ) | |
| Secreia R., | ) | Honorable |
| | ) | Katherine S. Gorman Hubler, |
| Respondent-Appellant). | ) | Judge, Presiding. |

PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices Schmidt and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1        Respondent, Secreia R., appeals, arguing the circuit court failed to sufficiently articulate a

basis for its determination that respondent was unfit. We affirm.

¶ 2                                        FACTS

¶ 3        The State filed two petitions for adjudication of wardship regarding respondent's

children, S.H. and N.W. However, before discussing these petitions, we first discuss the related

petitions that were previously filed regarding respondent's other children. Those petitions were

pending and ongoing at the time the State filed the wardship petitions that are the subject of this appeal.

¶ 4        The petitions for adjudication of wardship in the related cases alleged that respondent's other children were neglected in that they lived in an injurious environment. The petitions alleged several instances of domestic violence between respondent and Lance R. (N.W.'s father), which occurred in the presence of the children. The petitions also alleged Lance's criminal history including drug convictions and domestic violence convictions.

¶ 5        The adjudicatory order entered in the related cases reflected that the children were found neglected due to an injurious environment, and the dispositional order shows that respondent was found unfit based on the allegations of past domestic violence and respondent's attitude as to how it affected the children. Respondent was ordered to obtain a drug and alcohol assessment, perform two random drug drops per month, and complete counseling to address several issues, including choice of partner, relational conflict, and anger. This cause continued to permanency review hearings and remained ongoing at the time the State filed the petitions that are the subject of this appeal.

¶ 6        The petitions for adjudication of wardship that are the subject of this case alleged the same instances of domestic abuse between respondent and Lance that were alleged in the already ongoing proceedings in the earlier cases. However, the petitions in this case involved respondent's two other children, S.H. and N.W.[1] The petitions in this case included the additional allegation that respondent was previously found unfit as to her other children and that there had been no subsequent finding of fitness in the other proceedings. The petitions alleged

_____

[1]Shawon H. is the father of S.H.

that respondent had not completed services that would result in a finding of fitness. Additionally, the new petitions also alleged that respondent had resumed a relationship with Lance.

¶ 7        The circuit court entered temporary shelter care orders. Subsequently, respondent filed answers to the petitions. In her answers, respondent admitted to the allegations of her prior unfitness and the allegations of domestic violence. In addition, respondent stipulated that the State would call witnesses who would support the allegation that she failed to complete the required services to restore her fitness in the ongoing proceedings in the related case.

¶ 8        The cause proceeded to an adjudicatory hearing. At the hearing, the State informed the court that the petitions in this case were based primarily on the finding of unfitness in the related cases that remained pending. The State presented copies of the orders entered in the related proceedings as exhibits without objection. The exhibits included the previous petitions for adjudication of wardship, the adjudication orders, and the dispositional orders. The State argued that the only thing the exhibits did not show was related to the allegation in the present petitions that respondent had resumed a relationship with Lance. The State told the circuit court that if the case went to a full hearing, it would present evidence of communication between respondent and Lance. The circuit court asked respondent's counsel for a response to the State's argument, but counsel declined.

¶ 9        Ultimately, the circuit court found the petitions were proven by the preponderance of the evidence and found that S.H. and N.W. were neglected. The court continued the cause for a dispositional hearing, which was scheduled to be heard at the same time as the permanency review hearing in the related petitions.

¶ 10        At the dispositional hearing in this case (and the permanency review hearing on the related petitions), respondent told the court that she went to counseling on a weekly basis but

3

would return to counseling on a monthly basis in the future. The dispositional hearing report indicated that respondent had participated in visitation and had made progress with her counseling goals. However, the report stated that respondent did not agree with performing two random drug drops per month. Respondent indicated that because she did not have a substance abuse problem, she did not plan on continuing with the drug drops. According to the report, respondent completed one drug test (which did not show the presence of drugs), but respondent failed to complete the subsequent drug test she was required to perform. The report ultimately recommended that the circuit court find the Department of Children and Family Services (DCFS) made reasonable efforts and that respondent attend individual counseling, follow recommendations, engage in visitation, maintain stable housing, cooperate with DCFS, sign any release of information, and provide two random drug drops per month.

¶ 11   A second dispositional report regarding S.H. included additional information. According to this dispositional report, at a child and family team meeting with Shawon, respondent was unable to keep her composure and she argued with Shawon. As a result, respondent was asked to leave.

¶ 12   At the hearing, the State and the guardian *ad litem* asked the circuit court to make N.W. and S.H. wards of the court with DCFS as the guardian of N.W. and Shawon the guardian of S.H. In addition, they asked the court to find Shawon fit and respondent unfit.

¶ 13   Ultimately, the circuit court made N.W. and S.H. wards of the court and appointed DCFS as guardian for N.W. The court also found that Shawon was fit and appointed him guardian of S.H. In making its decision, the circuit court commented,

> "At this point, I'm going to find [respondent] unfit and order the services outlined in the dispositional report.

4

With respect to the permanency review, I'm going to find that the agency has made reasonable efforts. I'm going to find that [respondent's] efforts are mixed and you're going to have to do a little better."

The written order corresponding to the dispositional hearing shows that respondent "remains unfit" because "prior bases, not rectified."

¶ 14                                    ANALYSIS

¶ 15        Initially, we address the State's contention that respondent forfeited her challenge to the sufficiency of the dispositional order because she failed to raise the issue in the circuit court. While it is true that respondent raises this issue for the first time on appeal, "[u]nder the circumstances in the present matter, where the well-being of a child and parental rights are at issue," we decline to apply the rule of forfeiture and will consider the merits of respondent's contention. See *In re Madison H.*, 215 Ill. 2d 364, 371 (2005).

¶ 16        On appeal, respondent contends that the circuit court failed to comply with section 2-27(1) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-27(1) (West 2016)), when it found that she was unfit. Specifically, respondent contends that the circuit court failed to adequately articulate the factual basis for its finding. Upon review, we find the circuit court's oral pronouncement, along with the dispositional order's reference to the unfitness finding in respondent's ongoing proceedings, are sufficient to satisfy the requirements of section 2-27(1).

¶ 17        Section 2-27(1) of the Act provides that the circuit court may place a child outside the parental home "[i]f the court determines and puts *in writing* the factual basis supporting the determination of whether the parents *** of a minor adjudged a ward of the court are unfit." (Emphasis added.) *Id.* Although section 2-27(1) requires this determination to be in writing, our supreme court has held that an oral finding on the record, once transcribed, may satisfy the

5

writing requirement of section 2-27(1) "provided that it is explicit and advises the parties of the basis for the court's decision." *Madison H.*, 215 Ill. 2d at 377. The purpose of this requirement is to "give the parties notice of the reasons forming the basis for the removal of the child and to preserve this reasoning for appellate review." *Id.* at 374.

¶ 18    In this case, it is important to note that respondent had already been found unfit with respect to her other children. Those proceedings were ongoing when the petitions in this case were filed. The petitions filed in this case were substantively the same as the prior petitions but included the additional allegation that respondent had failed to complete the required services to restore her fitness in the prior, and ongoing, proceedings. The dispositional order in the ongoing proceedings, which was presented at the dispositional hearing in this case, showed that respondent was unfit based on prior instances of domestic violence and respondent's attitude toward how the domestic violence affected her children. The written dispositional order in this case found respondent "remains unfit" because of the "prior bases" and respondent's failure to "rectif[y]" the issues that led to the unfitness determination in the other proceedings. When the circuit court went on to discuss respondent's efforts at the permanency review hearing in the ongoing case, it found that respondent had not restored her fitness and made mixed efforts in completing the ordered services. In other words, respondent was found unfit in this case for the same reason she was found unfit in the other proceedings, and respondent had failed to rectify the problems which formed the basis of her unfitness. Accordingly, we find the circuit court's reference to the disposition in the ongoing proceedings and to respondent's efforts in completing the services ordered in the ongoing proceedings provided respondent with the factual basis for its determination that she was unfit in the instant case.

¶ 19                                                 CONCLUSION

¶ 20      The judgment of the circuit court of Peoria County is affirmed.

¶ 21      Affirmed.